UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNON J. TATUM, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-178** |
| **UNITED STATES OF AMERICA, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* plaintiff Vernon J. Tatum, Jr.'s ("plaintiff") motion[1] for judicial disqualification. For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

On January 17, 2025, plaintiff filed a complaint against the United States of America and the Small Business Administration ("SBA"), alleging improper garnishment of his Social Security payments relating to two disaster loans, one approved by the SBA on May 1, 2006, for $5,400 and one approved by the SBA on June 9, 2006, for $40,000.[2] Plaintiff alleges that the SBA began to use "deceptive billing and mailing practices," and that he accordingly filed two grievances—on October 3, 2010, and November 1, 2010—in an attempt to resolve the issue.[3] Plaintiff further alleges that shortly after these grievances were filed, the SBA stopped issuing billing notices for the aforementioned loans.[4]

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 18 ¶ 2.
[3] R. Doc. No. 1 ¶ 2-3.
[4] *Id.* ¶ 4.

1

In 2023, plaintiff noticed that his Social Security payments had been garnished by forty-eight dollars per month, with the garnishment increasing to seventy-four dollars per month in 2024 and ninety-five dollars per month thus far in 2025.[5] Plaintiff contends that the garnishment of his Social Security checks is barred by a ten-year statute of limitations provision in 31 C.F.R. § 901.3(a)(4).[6]

On June 17, 2025, this Court issued a minute entry scheduling a status conference for August 5, 2025, at 10 a.m. and directing both parties to submit a written status report no later than five working days prior to the status conference.[7] Plaintiff, however, failed to submit a written status report by this deadline. This Court accordingly ordered plaintiff to show cause at a hearing (the "show cause hearing") on August 19, 2025, why this case should not be dismissed on account of plaintiff's failure to prosecute the claim.[8] Plaintiff's motion for recusal concerns this show cause hearing.[9]

Plaintiff alleges that during the show cause hearing, plaintiff spoke until the Court asked plaintiff to remain seated while defense counsel of record made his way to the courtroom.[10] Plaintiff alleges that when defense counsel arrived, defense counsel began summarizing plaintiff's complaint for the Court in a way that mischaracterized the nature of plaintiff's claims in the instant litigation, and this

---

[5] *Id.* ¶ 5.
[6] *Id.* ¶ 6.
[7] R. Doc. No. 17.
[8] R. Doc. No. 21.
[9] *See generally* R. Doc. No. 23.
[10] *Id.* at 1.

2

Court then "advised" defense counsel to file a motion for summary judgment.[11] Plaintiff subsequently filed a motion to disqualify this Court from this matter pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144.[12]

## II.   STANDARDS OF LAW

### a. 28 U.S.C. § 455

Title 28, U.S.C. § 455(a) of the U.S. Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The "purpose of § 455(a) is not just to prevent actual partiality, but to avoid even the appearance of partiality." *Republic of Pan. v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (citation modified).

Subsection (b)(1) provides that a judge "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Subsections (a) and (b)(1) "afford separate, though overlapping, grounds for recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). Both subsections require the court to evaluate three factors in making its decision: (1) whether the bias is based on extrajudicial or intrajudicial sources; (2) whether the specific facts shown in the motion would cause an objective observer to harbor doubts regarding the judge's impartiality; and (3) the timeliness of the party's motion. *Id.*; *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003).

---

[11] *Id.* at 2.
[12] *Id.*

First, the Court should consider "whether the alleged bias 'was of extrajudicial origin,' that is, whether it was based on events or information outside the judicial proceedings." *Andrade*, 338 F.3d at 455. Alleged bias arising from an intrajudicial source requires recusal only if there is a "display [of] deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Additionally, "adverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021) (per curiam) (citation modified).

Second, a motion brought pursuant to any subsection of § 455 must state specific facts such that a reasonable observer, knowing all the circumstances, would "harbor doubts about the judge's impartiality." *Travelers Ins. Co. v. Liljeberg Enterprises*, 38 F.3d 1404, 1408 (5th Cir. 1994). "The decision to recuse is committed to the sound discretion of the district court." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997). Additionally, the recusal inquiry "ask[s] how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995) (citation modified); *accord Andrade*, 338 F.3d at 454–55.

Third, "[s]ection 455 [ ] obligates a party to raise the disqualification argument at a reasonable time in the litigation." *Anderson*, 160 F.3d at 234 (citation omitted). The party seeking "'disqualification must do so at the earliest moment after

4

knowledge of the facts demonstrating the basis of such disqualification.'" *Id.* (quoting *Travelers Ins. Co.*, 38 F.3d at 1410).

### b.  28 U.S.C. § 144

Motions for recusal may also be brought pursuant to 28 U.S.C. § 144. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*

The Fifth Circuit has held that a district judge must pass on the legal sufficiency and timeliness of a motion pursuant to § 144 before disqualifying himself, "but may not pass on the truth of the affidavit's allegations." *Brocato*, 4 F.4th at 301. This procedure is preferred because "[t]he challenged judge is most familiar with the alleged bias or conflict of interest [and] is in the best position to protect the nonmoving parties from dilatory tactics." *Chitimacha Tribe v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Brocato*, 4 F.4th at 301.

Motions brought pursuant to § 144, like those pursuant to § 455, must also be timely. A "timely" affidavit is one filed at the earliest moment after knowledge of the facts demonstrating the basis for the recusal. *Travelers Ins. Co.*, 38 F.3d at 1410.

### III. DISCUSSION

Plaintiff invokes both 28 U.S.C. § 455 and 28 U.S.C. § 144 in his motion.[13] The Court addresses each statute in turn.

#### a. 28 U.S.C. § 455

Plaintiff asserts that the undersigned should be disqualified pursuant to § 455(a) and § 455(b)(1), and asserts overlapping factual grounds for recusal pursuant to each of those subsections. Tatum argues that this Court's apparent misunderstanding as to the nature of his claim, waiting for defense counsel to come to the courtroom for a status conference after the show cause hearing, and "advising" defense counsel to file a motion for summary judgment are sufficient to require recusal pursuant to § 455.[14] Plaintiff's assertions, however, are insufficient to require recusal in this case, and seem to result from misunderstandings rather than the bias of this Court.

First, while the Court did listen to defense counsel's summary of plaintiff's claim, plaintiff has not alleged any facts supporting the inference that this Court believed defense counsel's summary of plaintiff's claims to be accurate, or that this Court failed to provide plaintiff the opportunity to explain his claim himself. Merely listening to one party's explanation of another's claim is a normal part of judicial

---

[13] R. Doc. No. 23, at 1.
[14] *Id.* at 1–2.

6

proceedings and does not show "bias" or a "lack of impartiality" sufficient to justify recusal pursuant to § 455.

Second, this Court was well within its discretion when it allowed defense counsel to come to the courtroom for a status conference after the hearing. Prior to the hearing, defense counsel had already informed this Court that he was on his way and that he would be arriving shortly, so the Court decided to conduct the show cause hearing, wait for defense counsel to arrive, and hold the previously scheduled status conference. Because plaintiff failed to submit his written status report as required,[15] the show cause hearing presented the opportunity to speak with both parties and accomplish the goals of that conference. Waiting for defense counsel to arrive was not the product of bias, but rather, sound judicial administration and the desire to speak with both parties concerning the status of the case.

Third, this Court did not "advise" defense counsel to file a motion for summary judgment, but simply informed both parties that they were free to file such motion. In the scheduling order for this case,[16] this Court informed the parties that a status conference was required before a motion for summary judgment would be considered. Once this Court had the opportunity to speak with both parties regarding the status of the case at the show cause hearing, this Court was of the opinion that the purposes of the status conference had been accomplished. As such, it informed both parties that they were now free to file a motion for summary judgment. This Court's remarks

---

[15] R. Doc. No. 17.
[16] R. Doc. No. 16.

should not be misconstrued as an attempt to "advise" defendant to file any motion, as they were not intended to do so and the remarks applied equally to both parties.

In conclusion, plaintiff's allegations result from misunderstanding, rather than bias, and as such, would not give a reasonable person doubts as to this Court's impartiality, do not demonstrate personal bias or prejudice, and do not warrant recusal under 28 U.S.C. § 455(a) or § 455(b)(1).

### b. 28 U.S.C. § 144

As stated above, recusal motions pursuant to § 144 must contain a "timely and sufficient affidavit" and certificate of counsel. In support of his motion, plaintiff provides an affidavit stating that the allegations against this Court are "made in good faith."[17] However, plaintiff fails to provide a certificate of counsel, and his motion therefore fails to meet the standards applicable to § 144 motions.

First, "numerous courts have held that a *pro se* litigant cannot obtain disqualification under § 144 because [such a] litigant is unable to meet the plain language of the statute by providing the required certificate of counsel of record." *Scott v. Crosby Energy Servs.*, 2021 WL 2255748, at *4 (E.D. La. May 28, 2021) (Currault, M.J.) (citations omitted) (collecting cases); *accord Davis v. Hinds Cnty.*, 15-874, 2017 WL 5654730, at *1 n.2 (S.D. Miss. Mar. 29, 2017); *Gibson v. Gusman*, No. 14–2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) (Knowles, M.J.) ("[The] Court concludes that a *pro se* litigant may not use 28 U.S.C. § 144 as a means to seek recusal."). Because plaintiff is a *pro se* litigant, his motion is not and could not be

---

[17] R. Doc. No. 23-2.

accompanied by a certificate of counsel. His § 144 motion fails on this procedural defect.

Notwithstanding the certificate of counsel issue, the motion would still be insufficient to raise doubts in the mind of an objective, reasonable observer as to this Court's impartiality for the reasons discussed above. The motion therefore fails under § 144. *See Telles v. United States*, 202 F.App'x 686, 688 (5th Cir. 2006) (per curiam). Because plaintiff's motion does not meet the standards for a sufficient affidavit under § 144, it is unnecessary for this Court to refer the motion to another judge for further consideration.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for judicial disqualification[18] is **DENIED**.

New Orleans, Louisiana, September 5, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. No. 23.