UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNON J. TATUM, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-178** |
| **UNITED STATES OF AMERICA, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant's unopposed motion[1] to dismiss *pro se* plaintiff Vernon J. Tatum, Jr.'s ("Tatum") complaint[2] for failure to state a claim upon which relief can be granted or, alternatively, for summary judgment. Also before the Court is Tatum's motion[3] to "pause" defendant's motion. For the reasons that follow, the Court **DENIES** Tatum's motion to "pause" and **GRANTS** defendant's motion to dismiss or, alternatively, for summary judgment.

### I. FACTUAL BACKGROUND

On January 17, 2025, Tatum filed a complaint against the Small Business Administration ("SBA"),[4] alleging improper garnishment of his Social Security payments based on two disaster loans, one approved by the SBA on February 1, 2006,

---

[1] R. Doc. No. 33.
[2] R. Doc. No. 1.
[3] R. Doc. No. 43.
[4] The caption to Tatum's complaint lists the "United States of America" as the defendant, but also includes a handwritten addition of "Small Business Administration" to the defendant's name. *See* R. Doc. No. 1, at 1. Paragraph 1 of Tatum's complaint states "Made defendant herein, is the United States Small Business Administration." *See id.* ¶ 1. The Court thus construes Tatum's complaint as arising against defendant SBA alone.

1

and one approved by the SBA on June 8, 2006.[5] Tatum alleges that the SBA began to use "deceptive billing and mailing practices" in November 2009,[6] in which the SBA sent Tatum "delinquent dates of notices"[7] a number of days after each payment's due date.[8] He then filed two grievances—on October 3, 2010, and November 1, 2010—in an attempt to resolve the issue.[9] Tatum further alleges that shortly after these grievances were filed, the SBA stopped issuing billing notices for the aforementioned loans.[10]

Beginning in 2023, Tatum noticed that his Social Security payments were being garnished by forty-eight dollars per month, with the garnishment increasing to seventy-four dollars per month in 2024 and ninety-five dollars per month in 2025.[11] Tatum contends that the garnishment of his Social Security benefits is barred by a ten-year statute of limitations provision, found in 31 U.S.C. § 3716 and 31 C.F.R. § 901.3(a)(4).[12] Tatum also argues that the SBA's "deceptive billing practices . . . in forwarding delinquent dates of notices unto Tatum" were "designed to generate additional monetary interest."[13] Tatum requests $69,970 in damages—$2,508 in

---

[5] R. Doc. No. 18 ¶ 2; R. Doc. No. 33-3, at 1, 3.
[6] *See* R. Doc. No. ¶ 2.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 2.
[9] R. Doc. No. 1 ¶ 2–3.
[10] *Id.* ¶ 4.
[11] *Id.* ¶ 5.
[12] *Id.* ¶ 6.
[13] *Id.* ¶ 7.

reimbursement for the garnishments of his Social Security paychecks, and $66,970 in punitive damages.[14]

On December 3, 2025, the SBA filed its motion[15] to dismiss Tatum's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. It argues that Tatum is required to exhaust his administrative remedies before this Court can adjudicate Tatum's claims[16] and that the two grievance letters Tatum sent the SBA in 2010 are insufficient for purposes of exhaustion.[17]

The SBA also explains that it mailed three letters to Tatum beginning December 12, 2010, to April 16, 2024, regarding the delinquency of his debt and notifying him that his loans may be referred to the U.S. Department of Treasury's Treasury Offset Program for an administrative offset collection action.[18] The SBA's motion also states that the letters it mailed to Tatum described the administrative remedies he could pursue to challenge the decision,[19] and it proffers evidence that Tatum has not pursued any such administrative remedies.[20]

Furthermore, the SBA argues that 37 U.S.C. § 3716 does not contain a ten-year statute of limitations for the collections of debts by administrative offset, as Tatum claims it does, and that this is sufficient to dismiss Tatum's complaint for

---

[14] *Id.* ¶ 9.
[15] R. Doc. No. 33.
[16] *Id.* at 9–11.
[17] *See generally id.*
[18] *Id.* at 2.
[19] *Id.*
[20] *See* R. Doc. No. 33-3, at 3.

failure to state a claim pursuant to Rule 12(b)(6).²¹ Importantly, the SBA also points out that Tatum has not, at any time, attempted to pay his debt and does not claim that he in fact paid the debt.²²

Tatum did not respond to the SBA's motion to dismiss, however, on December 23, 2025, Tatum filed a motion²³ to "pause" SBA's motion. His motion to "pause" asks this Court to withhold ruling on SBA's motion to dismiss until the Fifth Circuit can rule on his interlocutory appeal of this Court's order²⁴ denying his motion for judicial disqualification. The SBA has not responded to Tatum's motion to "pause", although, in its response²⁵ in opposition to Tatum's notice of appeal it argued that the order denying judicial qualification is not immediately appealable. Because the Court agrees that the order is not immediately appealable,²⁶ the Court finds it proper to rule on SBA's motion.

---

²¹ *Id.* at 11–12.
²² R. Doc. No. 33, at 4.
²³ R. Doc. No. 43.
²⁴ R. Doc. No. 24.
²⁵ R. Doc. No. 40.
²⁶ "An order denying a motion to recuse is not immediately appealable." *Barnes v. BP Expl. & Prod. Inc.*, No. 17-3036, 2022 WL 3924317, at *1 n.1 (E.D. La. Aug. 30, 2022) (Ashe, J.) ("Because the . . . Order & Reasons denying plaintiff's motion to recuse was interlocutory and not immediately appealable, this Court retains jurisdiction over this case.") *aff'd sub nom. St. v. BP Expl. & Prod., Inc.*, 85 F.4th 266 (5th Cir. 2023) (citing *In re Burch*, 2022 WL 1117701, at *2 (5th Cir. Apr. 14, 2022) ("[Q]uestions concerning the disqualification of judges are not immediately appealable.")); *see also Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 86 n.3 (5th Cir. 1992) ("[T]he [defendant] must await final judgment to appeal the judge's refusal to recuse himself."); *In Re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 960-61 (5th Cir. 1980) ("Disqualification questions are fully reviewable on appeal from final judgment.").

## II. STANDARD OF LAW

### a. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows defendants to move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2) that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While this short and plain statement does not require detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation modified). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation modified).

The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009).

5

A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation modified). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pub. Emps. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 320 (5th Cir. 2014).

When considering a motion to dismiss, a court views the complaint "in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In the case of a *pro se* plaintiff, courts "hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### b. Rule 56 Motion for Summary Judgment

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Ukpong v. Int'l Leadership of Tex.*, No. 21-11111, 2022 WL 6935140, at *2 (5th Cir. Oct. 12, 2022) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Barefoot v. Weyerhaeuser NR Co.*, 729 F. App'x 300, 304 (5th Cir. 2018) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.") (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986)).

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Ukpong*, 2022 WL 6935140, at *2; *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Winans v. McKay*, 23-30199, 2025 WL 3092771, at *4 (5th Cir. Nov. 5, 2025) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Rather, a genuine issue of material fact exists when the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Faulk v. Owens Corning Roofing & Asphalt, LLC*, No. 25-10356, 2025 WL 3678430 (5th Cir. Dec. 18, 2025) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the

nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Ukpong*, 2022 WL 6935140, at *2.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III. ANALYSIS

#### a. Subject Matter Jurisdiction

"A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute." *Canada v. United States Small Bus. Admin.*, No. 21-91, 2021 WL 8442058, at *3 (W.D. Tex. Oct. 13, 2021), *report and recommendation adopted sub nom. Canada v. Small Bus. Admin.*, No. 21-91, 2021 WL 8442057 (W.D. Tex. Dec. 28, 2021) (internal alterations omitted). "Because the SBA is an agency of the United States, it enjoys sovereign immunity except to the extent waived, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.*

Title 15, United States Code, section 634(b) permits the administrator of the SBA to "sue and be sued . . . in any United States district court," and states that "jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.]" This provision "waives sovereign immunity . . . and confers jurisdiction on United States district courts to hear such suits." *Oldham v. United States Small Bus. Admin.*, No. 19-10644, 2025 WL 1393867, at *4 (5th Cir. May 14, 2025). But this waiver is limited in that "all injunctive relief directed at the SBA is absolutely prohibited." *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840 (5th Cir. 2020). Additionally, because "only the Administrator may be named as the proper party in a cause of action alleging claims against the Small Business Administration," a plaintiff's "claims against the Small Business Administration" alone may be "properly dismissed." *Canada*, 2021 WL 8442058, at *3.

Tatum has named only the SBA, and not the SBA Administrator, as a defendant in this action,[27] meaning, Tatum's claims could be properly dismissed on that ground alone. *See id.* In addition, it seems that Tatum's complaint mainly seeks reimbursement from the SBA of the money collected through the Treasury Offset Program,[28] which other courts have found "is not in itself a claim" viable under § 634(b). *See Canada*, 2021 WL 8442058, at *4. Nevertheless, because the Court

---

[27] *See* R. Doc. No. 1, at 1.
[28] *See id.* at 5.

9

interprets *pro se* pleadings liberally, the Court finds that it has subject matter jurisdiction over this matter. *See Shumaker v. Guzman*, No. 21-477, 2022 WL 2902843, at *1 (S.D. Tex. Apr. 4, 2022), *aff'd*, No. 22-40409, 2023 WL 1434276 (5th Cir. Feb. 1, 2023); *see also Tatum v. United States*, 465 F. App'x 313, 315 n.1 (5th Cir. 2012) (interpreting Tatum's complaint as arising under § 634(b) where Tatum had named the SBA and United States of America as defendants but had served the suit on the SBA Administrator).

### b. Exhaustion of Administrative Remedies

The SBA Administrator "may collect by administrative offset only after giving the debtor"

> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
> (2) an opportunity to inspect and copy the records of the agency related to the claim;
> (3) an opportunity for a review within the agency of the decision of the agency related to the claim; and
> (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C.A. § 3716(a). Pursuant to 31 U.S.C. § 3716(b), the SBA has also "promulgated agency-specific administrative offset regulations." *Canada*, 2021 WL 8442058, at *4; *see also* 13 C.F.R. § 140.3. These regulations "set forth the steps [the] agency must take in order to collect a debt by withholding money from a government payment," *id.* at 5, which include offering a debtor an opportunity to "present evidence that all or part of the debt is not past due or not legally enforceable" and

10

allowing a debtor the opportunity to request a hearing before the SBA's Office of Hearings and Appeals ("OHA"), *see* 13 C.F.R. § 140.3(e).

SBA submits that it complied with its statutory requirements by mailing Tatum three different notice letters between the two loans, dated December 12, 2010,[29] January 30, 2011,[30] and April 16, 2024.[31] These letters contained the requisite notices set forth in § 3716(a),[32] including Tatum's right to present evidence and request an OHA hearing.[33] SBA argues that by not "pursu[ing] any of the four options available to him to avoid an administrative offset by the Department of Treasury," Tatum has failed to exhaust his administrative remedies and, therefore, his claims must be dismissed.[34]

Caselaw within and outside of this circuit supports the SBA's position that administrative exhaustion is required before Tatum may seek judicial review of the SBA's referral of his debt to the Treasury Offset Program. *See, e.g.*, *Canada*, 2021 WL 8442058, at *4 ("A debtor must exhaust her administrative remedies by utilizing [the SBA's] agency review process before seeking judicial relief with the courts."); *Benjamin v. United States*, No. 13-313, 2014 WL 3900220, at *5 (M.D. Pa. Aug. 8, 2014) ("[I]f at the end of this administrative process a [debtor-plaintiff] remains

---

[29] R. Doc. No. 33-3, at 1.
[30] *Id.* at 3.
[31] *Id.* at 5–8.
[32] *See id.* at 5, 7–8; *see also id.* at 1–2, 3 (explaining that copies of the letters sent on December 12, 2010, and January 30, 2011, are no longer available "due to SBA document retention policies," but also stating that the letters were "substantially similar" to the April 16, 2024, letter attached to SBA's motion).
[33] *See id.* at 8.
[34] R. Doc. No. 33, at 11.

11

displeased with a Treasury offset decision, that [debtor-plaintiff] may, upon exhaustion of his administrative remedies, file an action in federal court challenging this offset decision."); *United States v. Mayer*, No. 04-100, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010) ("While government counsel hyperbolically (and incorrectly) argues that 'the offset process is an administrative process beyond the jurisdiction of this Court,' still, [the debtor] must, in the first instance, seek administrative relief as prescribed by the statute and implementing regulations."); *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) ("[D]ebtors challenging their referral to the [Treasury Offset Program] are expected to address their concerns to the referring agency before coming to court.").

Although Tatum's complaint states that he filed two grievance letters, on October 3, 2010, and November 1, 2010, respectively,[35] the SBA is correct to conclude that these "alleged grievances were not made in response to the notice letters and could not have been intended to pursue any of the administrative remedies described in the notice letters," because the notice letters were all mailed to Tatum after he sent his grievance letters.[36] Because the evidence proffered by the SBA represents that Tatum did not pursue any administrative remedies prior to filing suit, and because Tatum does not represent in his complaint or otherwise present evidence to the contrary, the Court finds it could dismiss Tatum's claims for failure to exhaust. However, given the ambiguity around whether those administrative remedies are

---

[35] R. Doc. No. 1, at 2.
[36] *See* R. Doc. No. 33-1, at 11.

currently available to Tatum, [37] the Court rests its dismissal on Tatum's failure to state a claim upon which relief can be granted.

### c. Failure to State a Claim Upon Which Relief Can Be Granted

Tatum's claims fail on the merits. Tatum's challenge to the garnishment of his benefits is based on his contention that the administrative offset is barred by a 10-year statute of limitations.[38] He cites 31 U.S.C. § 3716 in support of his contention, however, § 3716(e)(1) states: "Notwithstanding any other provision of law, regulation, or administrative limitation, *no limitation on the period within which an offset may be initiated or taken pursuant to this section shall be effective*." The Fifth Circuit has already told Tatum in another case that he is incorrect in this regard. *See Tatum v. United States*, No. 24-30555, 2025 WL 1201874, at *1 (5th Cir. Apr. 25, 2025) (per curiam) ("Tatum incorrectly argues that the SBA's collection efforts [via administrative offset] were barred by a 10-year statute of limitations.").

The only case Tatum cites in support, *Lee v. Paige*,[39] predates Congress's amendment to § 3716(e), which eliminated the ten-year statute of limitations. *See*

---

[37] The Court notes that the time periods for pursuing the administrative processes that the SBA contends that Tatum must exhaust prior to filing suit seem to have all expired. *See* R. Doc. No. 33-3, at 8 (explaining that for Tatum to avoid referral to the Treasury Offset Program he must pursue certain remedies within 60 days of the notice and, in the case of requesting an OHA hearing, within 15 days of receipt of the notice); *see also* 13 C.F.R. 140.3 (same). However, the SBA, by arguing that Tatum's claims should be dismissed for failure to exhaust, seems to suggest that administrative remedies are still available to Tatum. *See* R. Doc. No. 33-1, at 9–11.
[38] *See* R. Doc. No. 1, at 3–4.
[39] 376 F.3d 1179 (8th Cir. 2004), *cert. granted, judgment vacated sub nom. Spellings v. Lee*, 546 U.S. 1072 (2005), *and abrogated by Lockhart v. United States*, 546 U.S. 142 (2005).

13

Food, Conservation, and Energy Act of 2008, Pub. L. No. 110–246, 122 Stat. 1651 ("Sec. 14219. Elimination of Statute of Limitations Applicable to Collection of Debt By Administrative Offset."). And while Tatum correctly points out that portions of the Code of Federal Regulations seem to retain the 10-year limitation for administrative offset,[40] Fifth Circuit precedent is clear that "where an agency has promulgated a regulation or adopted an interpretation that is in conflict with a statute's plain meaning, the reviewing court is not required to give deference to the agency's interpretation." *First Am. Bank v. Resol. Tr. Corp.*, 30 F.3d 644, 647 (5th Cir. 1994). Consequently, the SBA's unopposed motion is dismissed as the Court finds that Tatum's complaint fails to state a cognizable claim.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the SBA's motion[41] is **GRANTED**.

**IT IS FURTHER ORDERED** that Tatum's motion[42] to pause is **DENIED**.

**IT IS FURTHER ORDERED** that Tatum's complaint[43] is **DISMISSED WITH PREJUDICE**.

---

[40] *See* R. Doc. No. 1 (quoting 31 C.F.R. § 901.3(a)(4)), at 4; *see also, e.g.,* 47 C.F.R. § 1.1912(a)(4), 10 C.F.R. § 1015.203(a)(4), 13 C.F.R. § 140.3(f) ("Non-judgment debts are enforceable for ten years.").

[41] R. Doc. No. 33.

[42] R. Doc. No. 43.

[43] R. Doc. No. 1.

New Orleans, Louisiana, January 5, 2026.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**