**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VERNON J TATUM, JR** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-178** |
| **UNITED STATES OF AMERICA, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is *pro se* plaintiff Vernon J. Tatum's ("Tatum") motion[1] to "proceed *in forma pauperis* to obtain a transcript" of an August 19, 2025 show cause hearing. Tatum has already been allowed to proceed as a pauper in this matter.[2] The Court construes this motion as a motion to obtain a transcript at the United States' expense.[3]

On June 17, 2025, this Court issued a minute entry scheduling a status conference for August 5, 2025, at 10 A.M. and directing both parties to submit a written status report no later than five working days prior to the status conference.[4] Tatum, however, failed to submit a written status report by this deadline. This Court accordingly ordered Tatum to show cause at a hearing on August 19, 2025 (the "show cause hearing") why this case should not be dismissed due to Tatum's failure to prosecute the claim.[5] Tatum appeared for the show cause hearing on August 19, 2025,

---

[1] R. Doc. No. 50.
[2] R. Doc. No. 3.
[3] The Court construes these filings liberally as they were filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[4] R. Doc. No. 17.
[5] R. Doc. No. 21.

without a written status report, and was admonished for his repeated failure to abide by this Court's order to provide a written status report.[6]

Tatum subsequently filed a motion[7] for judicial disqualification, which this Court denied.[8] On December 3, 2025, the Small Business Administration ("SBA") filed a motion[9] to dismiss Tatum's complaint for a failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. Tatum did not file an opposition to the motion. However, on December 23, 2025, Tatum filed a motion[10] to "pause" the SBA's motion to dismiss. His motion to "pause" asked that this Court withhold ruling on the SBA's motion to dismiss until the Fifth Circuit could rule on his interlocutory appeal of this Court's order denying his motion for judicial disqualification.[11] On January 5, 2026, the Court denied Tatum's motion, finding that the order denying judicial qualification was not immediately appealable.[12] In the same order and reasons, the Court granted the SBA's motion and dismissed Tatum's complaint with prejudice for a failure to state a cognizable claim.[13] Tatum filed a notice of appeal on March 9, 2026.[14]

---

[6] R. Doc. No. 22.
[7] R. Doc. No. 23.
[8] R. Doc. No. 24.
[9] R. Doc. No. 33.
[10] R. Doc. No. 43.
[11] *See id.*; R. Doc. No. 43-1, at 3.
[12] R. Doc. No. 44, at 4, 14.
[13] *Id*. at 14.
[14] R. Doc. No. 47.

Title 28 U.S.C. § 753(f) provides that the United States shall pay fees for transcripts furnished in non-criminal proceedings to persons permitted to appeal *in forma pauperis* "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." "Free transcripts are provided only when a party raises a substantial question on appeal and demonstrates a particular need for the transcript." *Dillon v. Sessions*, 20 F.3d 1169, 1169 (5th Cir. 1994).

Tatum has not identified the issues he intends to raise on appeal in his motion,[15] and in his notice of appeal he solely states he was "aggrieved" by the Court's judgment "granting defendant a summary judgment with prejudice."[16] The Court therefore cannot determine whether the appeal is frivolous or whether Tatum "raises a substantial question on appeal." *Id*. Moreover, Tatum has "demonstrated no particular need for a transcript." *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).

The only transcript in this matter is for a rule to show cause hearing in which the Court admonished Tatum's repeated failure to comply with this Court's orders and informed both parties that they may file motions for summary judgment if they desired.[17] Only the SBA chose to file a motion for summary judgment. However, the Court never reached the SBA's arguments with respect to summary judgment and

---

[15] R. Doc. No. 50.

[16] R. Doc. No. 47, at 1. Contrary to Tatum's contention, the Court did not grant summary judgment in favor of the SBA. The Court dismissed Tatum's complaint pursuant to Rule 12(b)(6). R. Doc. No. 44, at 12–13. In light of his *pro se* status, the Court will liberally construe Tatum's notice of appeal to indicate that he intends to appeal this Court's Rule 12(b)(6) dismissal. *See Moore*, 30 F.3d at 620.

[17] R. Doc. No. 24, at 17.

rested its dismissal on Tatum's failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6).[18] Tatum has not explained why a transcript of the rule to show cause hearing is needed for his appeal.

Accordingly, Tatum has failed to demonstrate that he is entitled to a free transcript.

**IT IS ORDERED** that the motion to obtain a transcript at the United States' expense is **DENIED**.

New Orleans, Louisiana, April 30, 2026.

           **LANCE M. AFRICK**
     **UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 44, at 12–13.